IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CYNTHIA M. CRAWFORD-GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17−cv–0592−JPG |
| ) | |
| MADISON COUNTY, ILLINOIS ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Cynthia Crawford-Green brings this action for deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks reversal of her state court sentence, along with compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint. There is no indication that Plaintiff was a prisoner at the time she filed suit, although Plaintiff has been granted leave to proceed in forma pauperis. Therefore the Court will conduct a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal --
> i. is frivolous or malicious;
> ii. fails to state a claim on which relief may be granted; or
> iii. seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915(e)(2)(B); this action is subject to summary dismissal.

## The Complaint

In 2009, Plaintiff was given power of attorney for health care and property on behalf of her uncle, Carl M. Dickerson. (Doc. 1, pp. 38-45). She was also an executor and a beneficiary under the terms of his will. (Doc. 1, pp. 46-48). Dickerson died in 2010. (Doc. 1, p. 6). Plaintiff alleges that the people of Madison County wanted Plaintiff to pay his medical bills after his death, so they issued a warrant for her arrest without probable cause. *Id.* Plaintiff was charged with exploitation of an elderly person. (Doc. 1, p. 5). Presumably due to the outstanding warrant, Plaintiff was pulled over in Jefferson City, Missouri on January 6, 2017. *Id.*

As a result of Madison County's actions, Plaintiff lost her job at Olin Corporation, her car was repossessed and her home was foreclosed on; she also had her business and 2 other properties seized. (Doc. 1, p. 6). Plaintiff requests that the Court reverse her sentence and award restitution. *Id.*

## Discussion

Plaintiff's suit must be dismissed at this time because she seeks relief from those that are immune from suit, and because her case is barred by the *Rooker-Feldman* doctrine and *Heck v. Humphrey*. The named Defendant in this case is "People of Madison County Illinois." In order to obtain relief against a municipality or other local government unit, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the local government. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006); *Posey v. Pruger*, 762 F.Supp.2d 1086, 1090 (N.D. 2011) (applying *Monell* analysis to Cook County). Counties cannot be held liable on a respondent superior theory of liability. *Monell*, 436 U.S. at 690-91; *See also Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'") (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)).

Plaintiff has not alleged that the deprivations she complains of were made pursuant to an official policy or custom, and has provided no facts that would make such an allegation plausible. Therefore Plaintiff has not adequately pleaded a claim against Madison County.

Plaintiff's Complaint also alludes to "the state" and the DA. Neither entity is listed in the case caption, which dooms any claims against them. Fed. R. Civ. P. 10. *See also Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). But more than that, to the extent that Plaintiff is attempting to bring a claim against the District Attorney for prosecuting a suit against her, that claim is barred by absolute immunity. "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); see also *Smith v. Power,* 346 F.3d 740, 742 (7th Cir. 2003). A

3

prosecutor is shielded by absolute immunity when he acts "as an advocate for the State" but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, (1993). Bringing charges is the only possible allegation that can be inferred from the Complaint, and that conduct is clearly shielded by absolute immunity. To the extent that Plaintiff attempts to bring claims against the prosecutor, those claims must be dismissed with prejudice.

It is also fatal to Plaintiff's claims that she seeks to "reverse this sentence" and recover damages for a criminal prosecution in state court. Under the *Rooker-Feldman* doctrine, a lower federal court does not have jurisdiction to review decisions of state courts. *See Taylor v. Federal Nat'l Mortg. Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004) ("Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry"); *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995) (*Rooker-Feldman* ought to be applied where "the defendant in the state court is seeking to undo a remedial order of some sort (ordinarily a criminal conviction or an injunction)").

Even if *Rooker-Feldman* did not act to bar the Court from hearing this case for lack of subject-matter jurisdiction, Plaintiff's claims would not survive the *Heck* bar. Under *Heck*, a plaintiff may not pursue a suit for damages under § 1983 that would undermine the validity of a conviction unless she demonstrates that the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994); *Hadley v. Quinn*, 524 F. App'x 290, 293 (7th Cir. 2013). Although Plaintiff's Complaint is vague on this point, it is strongly implied that the damages she claims are the result of an allegedly improper conviction. That means to bring claims for damages, Plaintiff would have to first act to have her conviction reversed, expunged

or otherwise declared invalid prior to bringing this action. As Plaintiff requests reversal, it is a reasonable inference that her conviction still stands, barring this suit.

**Pending Motions**

As this action will be dismissed, Plaintiff Motion to Appoint Counsel is moot. (Doc. 3).

**Disposition**

**IT IS HEREBY ORDERED** that the case is **DISMISSED with prejudice** for failure to state a claim, lack of subject matter jurisdiction, because Plaintiff seeks recovery against those immune from suit, and as barred by *Heck v. Humphrey.*

If Plaintiff wishes to appeal this dismissal, her notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, she will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is directed to **CLOSE** this case and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: August 17, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**